IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1405-NJR |
| | ) |
| WARDEN SULLIVAN, SERGEANT | ) |
| JOHNSON, C/O RUSH, C/O SMITH, | ) |
| WEXFORD HEALTH CARE, DR. | ) |
| LARSON, TINA SANDSTROM, J. | ) |
| JONES, and DEREK SMITH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tyrone Gill, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was housed at Big Muddy River Correctional Center ("Big Muddy"). In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his conditions of confinement and medical needs in violation of the Eighth Amendment. They also retaliated against him in violation of the First Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: While at Big Muddy, Plaintiff faced unconstitutional conditions of confinement. On October 4, 2019, Sergeant Johnson, Correctional Officer Smith, and Correctional Officer Rush purposefully directed a porter to pour an entire gallon of bleach down the center gallery in response to inmates banging on their doors (Doc. 1, p. 13). The inmates began coughing and choking. Nurse Sandstrom entered the gallery and directed Rush to open the doors because of the smell, but she refused to provide Plaintiff and the other inmates with care (*Id*. at pp. 13-14). Plaintiff suffered from burning in his eyes and lungs. On October 8, 2019, Plaintiff was still suffering from chest pain and asked a nurse for a breathing treatment. She relayed the request to Dr. Larson who denied Plaintiff's request for treatment (*Id*. at p. 14). On October 9, 2019, he suffered from sharp chest pains and was placed in the healthcare unit and ordered a chest x-ray. On October 16, 2019, he met with Dr. Larson who informed Plaintiff that his x-ray was clear. Dr. Larson refused to address his shortness of breath and refused to send Plaintiff for a breathing treatment or to the asthma clinic (*Id*. at p. 20). Plaintiff wrote Warden Sullivan about the dangerous conditions and informed him that Johnson, Smith, and Rush acted in retaliation to the inmates banging their doors, but he did not receive a response back from Sullivan (*Id*. at p. 15).

Plaintiff also alleges that Johnson, Smith, and Rush retaliated against him for writing grievances on the chemical spill (Doc. 1, p. 15). They refused to provide him with an ink pen or additional grievance forms. Rush told Plaintiff that it would be a cold day in hell before he gave

him an ink pen or grievance form. He wrote a letter to Sullivan about the retaliation, but the warden did not respond (*Id.*).

Plaintiff alleges that he faced other forms of retaliation and unconstitutional conditions of confinement at Big Muddy. On the yard, he did not receive water despite the high temperatures outside (*Id.* at p. 16). After informing the warden of the lack of water, staff were instructed to provide the inmates with water. Staff only provided him with four ounces of warm water as a form of retaliation for filing grievances. He also lacked access to recreational equipment and bathroom facilities on the yard. When an inmate asked to use the restroom, Johnson, Rush, and Smith retaliated against the entire yard and made everyone leave the yard because one person had to use the restroom (*Id.* at pp. 18-19). He was not allowed to have a fan in his cell, there was inadequate ventilation, and the windows did not open, making the cells very hot during the warm months (*Id.* at pp. 16-17). There was also black bold in the shower area. He was also housed with inmates who had serious mental health issues (*Id.* at p. 17). There was no legal library for segregation inmates, and the only forms that the library handed out were complaint and affidavit forms (*Id.* at p. 19). He wrote Sullivan letters asking to attend the law library but did not receive a response (*Id.* at p. 20).

On September 21, 2019, Correctional Officer Derek Smith retaliated against him for writing a number of grievances by writing a false disciplinary ticket against him (*Id.* at p. 21). As a result of the ticket, Plaintiff was transferred to Menard. He wrote letters and grievances to Warden Sullivan about the false disciplinary report but he never received a response (*Id.* at p. 11).

## **Preliminary Dismissals**

Plaintiff identifies a number of conditions of confinement that he experienced at Big Muddy including the conditions of the cell house, yard, and shower area. He fails to allege,

3

however, that any of the named defendants were aware of these conditions or that he informed the defendants of the conditions he experienced. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions."). To the extent Plaintiff seeks to allege a condition of confinement claim for the litany of conditions at Big Muddy, he has not tied that claim to any of the named defendants and it is **DISMISSED without prejudice.**

Plaintiff also alleges that the inmates on the yard were retaliated against when another inmate asked to use the restroom and that inmates were retaliated against when chemicals were spilled in the hallway in response to banging on the cell doors, but he fails to allege that he participated in any First Amendment activity that caused the retaliation. He also alludes to other acts of retaliation and alleges that he wrote grievances and letters to Warden Sullivan about those acts, but he fails to allege that any of the named defendants participated in those acts (Doc. 1, pp. 11-12). Thus, those claims are also **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against Wexford Health Care. He alleges that Wexford and its employees were deliberately indifferent when they turned a blind eye to his medical needs (Doc. 1). But the corporation cannot be liable on this basis *respondeat superior*, or supervisory, liability as it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to cite to any such policy or practice. As such, Wexford is also **DISMISSED without prejudice.**

Plaintiff also identifies J. Jones as a defendant in the caption of his Complaint but fails to include any allegations against him in the body of his Complaint. Because he fails to state a claim against Jones, he is **DISMISSED without prejudice**.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following five counts:

> **Count 1:** **Johnson, Rush, Smith, and Sullivan were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement when they spilled bleach on the gallery.**
>
> **Count 2:** **Tina Sandstrom and Dr. Larson were deliberately indifferent under the Eighth Amendment to Plaintiff's chest pains following the spilled bleach incident.**
>
> **Count 3:** **Johnson, Rush, Smith, and Sullivan retaliated against Plaintiff in violation of the First Amendment by denying him access to ink and grievance forms.**
>
> **Count 4:** **Derek Smith and Sullivan retaliated against Plaintiff in violation of the First Amendment by writing a false disciplinary ticket against Plaintiff.**
>
> **Count 5:** **First and/or Fourteenth Amendment access to courts claim against Warden Sullivan for not responding to Plaintiff's requests to access the law library.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

At this stage, Plaintiff states a viable claim for unconstitutional conditions of confinement against Johnson, Rush, Smith, and Sullivan. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008);

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997) (not only severity but duration of the condition that determines if condition is unconstitutional).

## Count 2

Plaintiff also states a deliberate indifference claim against Tina Sandstrom and Dr. Larson. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

## Counts 3 and 4

He also states viable retaliation claims against Johnson, Rush, Smith and Sullivan in Count 3 and against Derek Smith and Sullivan in Count 4. *Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012); *see McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) ("turning a blind eye" to alleged constitutional violation).

## Count 5

Plaintiff fails to state an access to courts claim against Warden Sullivan. He alleges that he asked to have access to the law library, but Sullivan never responded to his requests. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation

omitted). Plaintiff merely states that he needed to research so he could file a petition in a timely manner, but he does not indicate what petition he was trying to file nor has he alleged that he has been unable to pursue any claims due to his lack of access to the law library. Thus, Count 5 is **DISMISSED without prejudice**.

### Pending Motions

As to Plaintiff's motions for counsel (Docs. 3 and 4), Plaintiff states that he has written a number of attorneys that have declined to take his case. He also indicates that he has a low IQ, suffers from mental psychosis, and has difficulties reading and writing. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motions for counsel (Docs. 3 and 4) are **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

For the reasons stated above, Count 1 shall proceed against Johnson, Rush, Smith, and Sullivan. Count 2 shall proceed against Tina Sandstrom and Dr. Larson. Count 3 shall proceed against Johnson, Rush, Smith, and Sullivan. Count 4 shall proceed against Derek Smith and Sullivan. Count 5 is **DISMISSED without prejudice**. Wexford Health Care and J. Jones are also **DISMISSED without prejudice**.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

The Clerk of Court shall prepare for Defendants Warden Sullivan, Sergeant Johnson, Correctional Officer Rush, Correctional Officer Smith, Dr. Larson, Derek Smith, and Tina Sandstrom: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  3/16/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**